IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MASSACHUSETTS MUTUAL<br>LIFE INSURANCE COMPANY<br><br>      Plaintiff<br><br>v.<br><br>EVELYN R. SINKLER<br><br>      Defendant | *<br>*<br>*<br>*<br>*<br>*      Civil No. **PJM 10-336**<br>*<br>*<br>*<br>*<br>* |

**MEMORANDUM OPINION**

This Memorandum Opinion addresses Defendant Evelyn Sinkler's Amended Motion for Summary Judgment [Documents No. 28].

On February 16, 2010, Massachusetts Mutual Life Insurance Company ("MassMutual") filed the present action, seeking a declaratory judgment that the disability insurance policy it issued to Sinkler lapsed for non-payment of premiums, or alternatively, that Sinkler must submit to an independent medical examination in connection with her claim for disability benefits. On March 4, 2010 Sinkler filed her own complaint in the Circuit Court for Prince George's County, Maryland against MassMutual, alleging breach of the terms and conditions of the disability insurance policy in violation of the Maryland Unfair Claims Settlement Act. MassMutual removed the case to this Court on the basis of diversity of citizenship, pursuant to 28 U.S. § 1332 and it was docketed as PJM 10-1221.

On August 6, 2010, the Court consolidated the two cases and ordered that the case proceed under the caption *Massachusetts Mutual Life Insurance Company v. Sinkler*, Civil Case No. PJM 10-336. The Court also directed Sinkler to file any counterclaims against MassMutual within 30 days.

1

Sinkler has failed to file formal counterclaims against MassMutual. Nonetheless, before the Court is her Amended Motion for Summary Judgment. The gist of Sinkler's claim is that she is entitled to benefits under MassMutual's disability insurance policy and that MassMutual engaged in fraudulent conduct and other unfair claim settlement practices in evaluating her disability claim.

Having considered Sinkler's Motion for Summary Judgment, the Court finds that she is not entitled to judgment as a matter of law based on the record as it stands. The parties are currently involved in discovery. Although unlikely, it is not impossible that Sinkler could prevail on summary judgment at the end of discovery when a more complete record will be before the Court. Accordingly, at this time Sinkler's Motion for Summary Judgment [Documents No. 28] will be **DENIED WITHOUT PREJUDICE** and may be renewed at a later date.

A separate Order will **ISSUE**.

June 6, 2011

                                                                               /s/
                                            **PETER J. MESSITTE**
                              **UNITED STATES DISTRICT JUDGE**